IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ORLANDO E. TOWNSEND,** | ) | CASE NO. 8:08CV132 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| **AMY J. BANG, Manager, EEO** | ) | |
| **Compliance, Union Pacific Railroad** | ) | |
| **Company, and A. TERRY OLIN,** | ) | |
| **General Director, Union Pacific** | ) | |
| **Railroad Company,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 31, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on March 31, 2008, against two Defendants, Union Pacific Railroad Company ("UP") EEO Compliance Manager Amy Bang, and UP General Director Terry Olin. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are extremely difficult to decipher. As best as the court can tell, Plaintiff alleges that UP would not "rehire" him. (*Id.* at CM/ECF p. 2.) Plaintiff states that he has presented his claims to the Nebraska Equal Opportunity Commission ("NEOC") and the U.S. Equal Employment Opportunity Commission ("EEOC"), but he fails to state what his claims are. (*Id.* at CM/ECF pp. 2, 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, it is difficult to decipher Plaintiff's allegations. Although Plaintiff appears to allege that UP failed to "rehire" him, he does not allege that he was deprived of a right secured by the Constitution

2

or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Further, Plaintiff states that he made "claims" to the NEOC and EEOC, but does not allege any claim of employment (or other) discrimination. As such, even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts" to state a claim. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to state a claim upon which relief may be granted against these two Defendants. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **July 23, 2008** to amend his Complaint. If Plaintiff fails to file an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. §§ 1915(e)(2);

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **July 23, 2008** and dismiss if none filed; and

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 24th day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge