IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ORLANDO E. TOWNSEND,** | ) | CASE NO. 8:08CV132 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **AMY J. BANG, Manager, EEO** | ) | |
| **Compliance, Union Pacific Railroad** | ) | |
| **Company, and A. TERRY OLIN,** | ) | |
| **General Director, Union Pacific** | ) | |
| **Railroad Company,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on its own motion. On June 24, 2008, the court entered a Memorandum and Order allowing Plaintiff to amend his Complaint in order to state a claim upon which relief could be granted against Defendants. (Filing No. 7.) Plaintiff filed an Amended Complaint on July 15, 2008. (Filing No. 8.) After reviewing the Amended Complaint, the court finds that Plaintiff has complied with its June 24, 2008 Memorandum and Order and that service on Defendants is now warranted.

Also pending before the court is Plaintiff's Motion to Appoint Counsel. (Filing No. 3.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The Motion to Appoint Counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

2. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

3. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

5. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "December 22, 2008: Check for completion of service of summons";

6. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal; and

7. Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied without prejudice.

DATED this 22nd day of August, 2008.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge