**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ORLANDO E. TOWNSEND,** | ) | **CASE NO. 8:08CV132** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **AMY J. BANG, Manager, EEO Compliance, A. TERRY OLIN, General Director, Union Pacific Railroad Company, and UNION PACIFIC RAILROAD COMPANY,** | ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Defendants' Motion to Dismiss (Filing No. 18) and Plaintiff's Motion to Add Party (Filing No. 15). As set forth below, both Motions are granted.

### I.   *PLAINTIFF'S MOTION TO ADD PARTY*

On October 2, 2008, Plaintiff filed his Motion to Add Party in which he seeks to add Union Pacific Railroad ("UP") as a Defendant. (Filing No. 15.) Defendants have not objected to the Motion. (*See* Docket Sheet.) For good cause shown, the court grants the Motion and UP shall be added as a Defendant in this matter. In their Brief in Support of Motion to Dismiss, Defendants request that, if Plaintiff's Motion to Add Party is granted, the Motion to Dismiss be "deemed as on behalf of" UP as well as the individual Defendants. (Filing No. 19 at CM/ECF p. 1.) Plaintiff has not objected to such treatment. Therefore, the court will treat the Motion to Dismiss as filed on behalf of all Defendants, including the newly-added Defendant UP.

### II.   *BACKGROUND AND SUMMARY OF AMENDED COMPLAINT*

Plaintiff filed his Complaint on March 31, 2008. (Filing No. 1.) Upon initial review of the Complaint, the court ruled that Plaintiff failed to state a claim upon which relief may be granted and permitted Plaintiff an opportunity to amend his Complaint. (Filing No. 7.)

Plaintiff thereafter filed an Amended Complaint, which the court deemed sufficient to allow this case to proceed to service. (Filing Nos. 8 and 9.)

Plaintiff was terminated by UP in 1977. (Filing No. 8 at CM/ECF p. 7.) Summarized and condensed, Plaintiff alleges that he called Defendant A. Terry Olin ("Olin") on June 12, 2007, to "ask about employment and reinstatement with the Union Pacific Railroad." (Filing No. 8 at CM/ECF p. 2.) Olin informed Plaintiff that the "Public Law Board" noted in Plaintiff's file that he should not be rehired and that Plaintiff "should not bother" applying for a position with UP. (*Id.*) Plaintiff previously filed a charge of "unlawful discrimination" against Defendants and "since the filing" of that charge has "repeatedly reapplied for a position" with Defendants but has "never been rehired." (*Id.*) Plaintiff alleges that Defendants have discriminated against him on the basis of his "age, race, color, disability and retaliation." (*Id.* at CM/ECF pp. 2-3.) Plaintiff seeks relief in the form of a "Permanent Injunction, Open hiring, Reinstatement, . . . Back Pay, Retirement Pension, Front Pay, and Retroactive seniority." (*Id.* at CM/ECF p. 3.)

On October 29, 2008, Defendants filed their Motion to Dismiss and Brief in Support, which argues that Plaintiff's claims should be dismissed because, among other things, the claims are time-barred. (Filing Nos. 18 and 19.) Plaintiff filed a response to the Motion. (Filing Nos. 22 and 23.)

### III. DEFENDANTS' MOTION TO DISMISS

#### A. Motion to Dismiss Standard

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual

2

allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**B.     Timeliness of Plaintiff's Claims**

Defendants argue, among other things, that Plaintiff's claims are time-barred. The court agrees. Where an individual has "initially instituted proceedings with a State or local agency," alleging that he has been subject to unlawful employment practices, he must file a charge with the Equal Opportunity Employment Commission ("EEOC") "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).[1] "The statute of limitations begins to run at the time of the discriminatory act." *Connor v. Reckitt & Colman, Inc.*, 84 F.3d 1100, 1102 (8th Cir. 1996).

---

[1]Plaintiff's Amended Complaint does not specify the statutes under which Plaintiff seeks relief. However, the court liberally construes the allegations of "age, race, color [and] disability" as brought under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). The 300-day limitations period pertains to claims made under all three statutes. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C § 626(d) (ADEA); 42 U.S.C. § 12117(a) (ADA).

3

The "firing of an employee cannot be a continuing violation." (*Id.*) Stated another way, the employment relationship ends at the time of the firing, and an employer "cannot continue to discriminate" when it no longer employs an individual. (*Id.*) In addition, "[t]he repeated refusal of an employer to reinstate an employee to a formerly held position . . . does not give rise to a new claim of discrimination." *Zdziech v. DaimlerChrysler Corp.*, 114 Fed. App'x 469, 471 (3d Cir. 2004). Permitting individuals to reset the statute of limitations clock simply through inquiring about reinstatement "would clearly vitiate the intent behind the 300-day time limit." *Id.* at 472; *see also Hall v. The Scotts Co.*, 211 Fed. App'x 361, 363 (6th Cir. 2006) (citing *Connor* and affirming dismissal of ADA claim as untimely where claims were an "impotent attempt" to renew an earlier request and reset the statute of limitations clock).

Here, Plaintiff was terminated from his position at UP in 1977. (Filing No. 8 at CM/ECF p. 7.) He has "repeatedly reapplied for a position" with Defendants but has "never been rehired." (*Id.* at CM/ECF p. 2.) Most recently, on June 12, 2007, Plaintiff contacted Olin to "ask about employment and reinstatement with the Union Pacific Railroad." (*Id.*) Olin informed Plaintiff that the "Public Law Board" noted in Plaintiff's file that he should not be rehired and that Plaintiff "should not bother" applying for a position with UP. (*Id.*) As a result of this failure to reinstate, Plaintiff filed his charge of discrimination on June 25, 2007. (*Id.* at CM/ECF p. 7.) Approximately 30 years elapsed between Plaintiff's termination and his most recent charge of discrimination, well outside the 300-day limitations period. As set forth above, Defendants' continued refusal to reinstate Plaintiff since his termination in 1977 does not constitute a new claim of discrimination and does

not restart the 300-day statute of limitations. Plaintiff's claims are clearly time-barred and must be dismissed.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Add Party (Filing No. 15) is granted. The Clerk of the court is directed to add Union Pacific Railroad as a Defendant in this matter. The Motion to Dismiss (Filing No. 18) is treated as filed by all Defendants, including Defendant Union Pacific Railroad;

2. Defendants' Motion to Dismiss (Filing No. 18) is granted and Plaintiff's claims are dismissed with prejudice. Plaintiff's Motion for Summary Judgment (Filing No. 20) is denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2]The court notes that the Nebraska Equal Opportunity Commission reached the same decision in denying Plaintiff's most recent charge of discrimination. (Filing No. 25-3, Attach. 2, at CM/ECF p. 1 ("[T]he action occurred well beyond 300 days from the date [Plaintiff] filed his charge of discrimination . . . . There is no evidence to show [Plaintiff] has applied for any position with [UP] within the last 300 days. The evidence shows that he has repeatedly requested reinstatement as a challenge to the [1979] decision of the Public Law Board.").)